IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CR 07 022 -01 S |
| | : | CR. No. |
| v. | : | |
| | : | Violations: 18 U.S.C. §§ 2, 371, 1347, 1956; |
| DANIEL McGLONE | : | 21 U.S.C. §§ 333(e)(1), 841(a)(1) & |
| ANA MARIA SANTI | : | (b)(1)(D). |

FILED
FEB 21 2007
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

INDICTMENT

The Grand Jury charges that:

Introduction

At all times material to this Indictment:

1. Defendant DANIEL McGLONE (McGLONE) resided in North Brunswick, New Jersey, and was the owner and sole employee of AMERICAN PHARMACEUTICAL GROUP (APG). APG was a business entity created by McGLONE to solicit, promote, facilitate, and cause the distribution of anabolic steroids, human growth hormone, and other prescription medications to customers all over the United States, including Rhode Island, in the manner further described below.

2. Defendant McGLONE was not licensed to practice medicine in any state and was not registered as a pharmacist in any state.

3. Defendant ANA MARIA SANTI (SANTI) resided in Queens, New York, and was the owner of OMNI HEALTH CARE (OHC). OHC was a business entity used by SANTI to engage in the business of providing prescriptions for medications including anabolic steroids and human growth hormone to customers of APG and other entities, in the manner further described

below.

4. Defendant SANTI was not licensed to practice medicine in New York. The State of New York revoked SANTI's medical license ( #113491) on or about November 15, 1999.

5. VICTOR MARIANI (MARIANI), who is charged separately, was a licensed physician in the State of New York, License Number 184345, and maintained medical practices under the business names of Health Wide Medical, DISA Medical P.C., and Dr. William Harvey, in various locations in Queens and Manhattan.

6. As a licensed physician, MARIANI was authorized to write and issue prescriptions for controlled substances only if issued in accordance with governing laws and regulations.

7. A prescription for a controlled substance can only be issued by a medical practitioner who is licensed by the state to practice his or her profession and is either registered or exempted from registration with the Drug Enforcement Administration (DEA) pursuant to 21 C.F.R. § 1306.03. A person who has registered with the DEA pursuant to 21 C.F.R. §§ 1306.03 is referred to as a "registrant."

8. According to DEA records, neither McGLONE nor SANTI were registrants. Defendant SANTI previously held DEA registration number BS4493920, but it expired on February 28, 2001. VICTOR MARIANI had a valid DEA registration, number BM2723624, with an expiration date of January 31, 2009.

9. A prescription for a controlled substance is valid only if issued for a "legitimate medical purpose" by an individual practitioner acting in the usual course of his or her professional practice. 21 U.S.C. §§ 842(a)(1) and 829(a); 21 C.F.R. § 1306.04(a).

10. Testosterone Propionate, Stanozolol, Testosterone Cypionate, Fluoxymesterone

and Nandrolone, and their analogs, are anabolic steroids, each of which is a Schedule III Controlled Substance. The term "anabolic steroid" means "any drug or hormonal substance, chemically and pharmacologically related to testosterone." 21 U.S.C.§ 802 (41) (A) (xviii) & (xxiv) & (B) (ii).

11. The Federal Food, Drug, and Cosmetic Act prohibits knowingly distributing or possessing with intent to distribute human growth hormone for any use in humans other than the treatment of a disease or other recognized medical condition that has been authorized by the Secretary of Health and Human Services pursuant to 21 U.S.C. § 355. 21 U.S.C. § 333(e). The Food and Drug Administration (FDA) has approved human growth hormones only for the following uses: short stature in children with growth hormone deficiency, ideopathic short stature in children, short stature in children with Turner or Prader-Willi syndrome, short stature in children with chronic renal insufficiency, adults with biochemically documented growth hormone deficiency (GHD) diagnosed either in adulthood or childhood, adults with wasting disease associated with AIDS, and adults with short bowel syndrome. Human growth hormone has not been approved for use in any anti-aging, body-building, or weight loss treatments.

12. Human growth hormone is defined as Somatrem, Somatropin (also known as Somatotropin), or an analogue of Somatrem or Somatropin. 21 U.S.C. § 333(e)(4). It is a prescription drug.

**COUNT 1**

(Conspiracy to Distribute Anabolic Steroids and Human Growth Hormone)

13. The United States realleges and incorporates by this reference paragraphs 1-12 of this Indictment in their entirety as though fully set forth herein.

14. From on or about April 2004 until on or about August 2006, the defendants,

DANIEL McGLONE and ANA MARIA SANTI, VICTOR MARIANI, and others known and unknown to the Grand Jury, knowingly, willfully, and unlawfully combined, conspired, and agreed with each other to distribute anabolic steroids which are Schedule III controlled substances, in violation of 21 U.S.C. § 841(a)(1), and human growth hormone for uses that were not authorized by the Secretary of Health and Human Services pursuant to 21 U.S.C.§ 355, in violation of 21 U.S.C. § 333(e)(1).

**Manner and Means of the Conspiracy**

15. It was part of the conspiracy that defendant McGLONE advertised, promoted, and marketed his business, AMERICAN PHARMACEUTICAL GROUP, as a source for anabolic steroids, human growth hormone, and other prescription drugs, in magazines, web-site, and publications that targeted body-builders.

16. It was further part of the conspiracy that defendant McGLONE communicated with customers who resided all over the United States, including Rhode Island, by telephone, electronic mail, facsimile, or mail, in order to obtain orders for anabolic steroids, human growth hormones, and other prescription drugs. During these communications, defendant McGLONE advised customers on the type and quantity of anabolic steroids, human growth hormone, and other prescription drugs they should purchase in order to achieve certain body-building, weight-loss, increased sex-drive, anti-aging, and other general "wellness" goals.

17. It was further part of the conspiracy that defendant McGLONE provided this advice to his customers knowing that he was not licensed to practice medicine and knowing that the controlled substances and human growth hormone could only be prescribed to individuals by physicians in the regular course of their business, for the treatment of diseases or other recognized medical conditions.

18. It was further part of the conspiracy that, once defendant McGLONE obtained an order from his customers, he sent a request for a prescription for human growth hormone, anabolic steroids, and other items, to co-defendant SANTI, MARIANI, and other conspirators, known and unknown to the Grand Jury, causing them to write prescriptions for the requested items.

19. It was further part of the conspiracy that McGLONE knew that SANTI, MARIANI, and other conspirators, known and unknown to the Grand Jury, would write these prescriptions without ever speaking, meeting, or examining the customer, and that they never diagnosed the customer with any disease or other recognized medical condition.

20. It was further part of the conspiracy that McGLONE advised certain customers to submit blood tests, while he advised others that blood tests were unnecessary. It was also part of the conspiracy that, regardless of what the blood tests showed, McGLONE instructed co-defendant SANTI, MARIANI, and other co-conspirators to issue the requested prescriptions.

21. It was further part of the conspiracy that McGLONE paid co-defendant SANTI, MARIANI, and other conspirators, known and unknown to the Grand Jury, for each prescription issued to customers of APG.

22. It was further part of the conspiracy that, once McGLONE obtained the requested prescriptions from SANTI, MARIANI, and other conspirators known and unknown to the Grand Jury, McGLONE would forward these prescriptions via facsimile or mail to various large compounding pharmacies, including primarily Signature Pharmacy which is located in Orlando, Florida, causing said pharmacies to deliver human growth hormone, anabolic steroids, and other prescription medications to customers all over the United States, including Rhode Island, even though said items were not issued pursuant to a valid prescription.

23. It was further part of the conspiracy that McGLONE was either paid directly by the customer for the prescriptions, or by the pharmacies for each prescription McGLONE referred to the pharmacy.

24. It was further part of this conspiracy that defendant SANTI wrote prescriptions for human growth hormone, anabolic steroids which are controlled substances, and other prescription medications, to customers of McGLONE and APG, thereby causing pharmacies to deliver said medications to customers all over the United States, including Rhode Island. SANTI wrote these prescriptions knowing that they were not written for a legitimate medical purpose or for the treatment of a disease, or any other recognized medical condition.

25. It was further part of the conspiracy that defendant SANTI wrote these prescriptions using the name and DEA registration number of another physician, to wit Abdul Almarashi who held DEA registration number BA8455013, who was retired from the practice of medicine and residing in a nursing home in California, and thus falsely represented these prescriptions as being issued by a licensed physician.

26. It was further part of the conspiracy that defendant SANTI forged the signature of Dr. Almarashi on the prescriptions that she wrote for customers of AMERICAN PHARMACEUTICAL GROUP, and that defendant SANTI knew that Dr. Almarashi never examined the customers for whom the prescriptions were issued and never authorized the issuance of said prescriptions.

27. It was further part of the conspiracy that defendant SANTI wrote prescriptions for human growth hormone and for anabolic steroids which are Schedule III controlled substances, while not licensed to practice medicine in New York or elsewhere, and while not holding a DEA registration number.

28. It was further part of the conspiracy that defendant SANTI prescribed human growth hormone and anabolic steroids to customers residing in the District of Rhode Island, knowing that the substances were not prescribed for the treatment of any diseases or other recognized medical conditions, but rather to be used by the customers for body-building, anti-aging, weight-loss, increased sex-drive, and other non-approved uses.

29. It was further part of the conspiracy that defendant SANTI never met, spoke to, examined, or diagnosed any of the individuals to whom she issued prescriptions for human growth hormone or anabolic steroids, including customers who resided in Rhode Island, and that these individuals were not known to defendant SANTI, but were known to defendant McGLONE.

30. It was further part of the conspiracy that defendant SANTI was paid by McGLONE for each prescription she wrote for customers of APG.

31. It was further part of the conspiracy that VICTOR MARIANI issued prescriptions for anabolic steroids, human growth hormones, and other medications to customers of McGLONE and APG, in exchange for payment by McGLONE, knowing that said prescriptions were not issued in the regular course of the practice of medicine, were not based on a medical diagnosis, and were not for the treatment of a disease or other recognized medical condition. It was part of the conspiracy that MARIANI never met or examined the customers to whom he issued prescriptions, said customers being known only to McGLONE. It was further part of the conspiracy that the prescriptions written by MARIANI were forwarded to pharmacies by McGLONE, thereby causing said pharmacies to distribute filled prescriptions for anabolic steroids, human growth hormones, and other prescription medications to customers all over the United States including Rhode Island.

**Overt Acts**

32. In furtherance of the conspiracy and to accomplish its objectives and purposes, the defendants DANIEL McGLONE and ANA MARIA SANTI, and VICTOR MARIANI, and others known and unknown to the Grand Jury, in the District of Rhode Island and elsewhere, performed numerous overt acts, including but not limited to soliciting, obtaining, facilitating, transmitting, and writing the following prescriptions for anabolic steroids or human growth hormone, which filled prescriptions were delivered to customers in Rhode Island, knowing that the prescriptions were not issued in the regular course of the practice of medicine and were not for the treatment of disease or other recognized medical condition:

| [redacted] | | | | |
|---|---|---|---|---|
| A. | 04/19/04 | JM | SANTI | SOMATROPIN<br>TESTOSTERONE CYPIONATE<br>TESTOSTERONE PROPIONATE<br>TESTOSTERONE ENANTHATE<br>NANDROLONE DECANOATE |
| B. | 4/20/04 | JE | SANTI | TESTOSTERONE CYPIONATE<br>NANDROLONE DECANCATE<br>SOMATROPIN |
| C. | 04/29/04 | DC | SANTI | SOMATOTROPIN<br>TESTOSTERONE |
| D. | 06/02/04 | DC | SANTI | TESTOSTERONE |
| E. | 06/04/04 | BC | SANTI | SOMATOTROPIN |
| F. | 06/22/04 | JM | SANTI | SOMATOTROPIN<br>TESTOSTERONE CYPIONATE |
| G. | 08/10/04 | DC | SANTI | SOMATOTROPIN<br>TESTOSTERONE |
| H. | 09/08/04 | GB | SANTI | SOMATOTROPIN<br>TESTOSTERONE |

| | | | | |
|---|---|---|---|---|
| I. | 03/17/05 | BC | MARIANI | SOMATOTROPIN |
| J. | 03/17/05 | DC | MARIANI | SOMATOTROPIN<br>TESTOSTERONE |
| K. | 03/17/05 | DC SR. | MARIANI | SOMATOTROPIN<br>TESTOSTERONE |
| L. | 07/05/05 | MG | MARIANI | SOMATOTROPIN<br>TESTOSTERONE |
| M. | 11/16/05 | DC | SANTI | SOMATOTROPIN<br>TESTOSTERONE |
| N. | 11/16/05 | BC | SANTI | SOMATOTROPIN |
| O. | 11/21/05 | JP | SANTI | TESTOSTERONE |
| P. | 11/21/05 | DC SR. | SANTI | TESTOSTERONE |
| Q. | 12/28/05 | DQ | SANTI | TESTOSTERONE CYPIONATE<br>TESTOSTERONE PROPIONATE |
| R. | 01/19/06 | JC | SANTI | TESTOSTERONE CYPIONATE<br>NANDROLONE DECANOATE |
| S. | 02/10/06 | TI | SANTI | TESTOSTERONE |
| T. | 04/24/06 | DC | SANTI | TESTOSTERONE<br>SOMATOTROPIN<br>NANDROLONE |
| U. | 04/24/06 | BC | SANTI | SOMATOTROPIN |
| V. | 05/01/06 | DF | SANTI | TESTOSTERONE CYPIONATE<br>TESTOSTERONE PROPIONATE |
| W. | 05/25/06 | DD | SANTI | TESTOSTERONE CYPIONATE |
| X. | 06/06/06 | TI | SANTI | STANOZOLOL |
| Y. | 06/20/06 | JC | SANTI | NANDROLONE DECANOATE |
| Z. | 06/30/06 | DC | SANTI | TESTOSTERONE<br>SOMATOTROPIN |

All in violation of 18 U.S.C. § 371.

**COUNTS 2 - 11**
(Distribution of Human Growth Hormone)

33. On or about the dates listed below, in the District of Rhode Island and elsewhere, the defendants, DANIEL MCGLONE and ANA MARIA SANTI, did knowingly and intentionally distribute, and aid and abet the distribution of, the human growth hormone Somatropin (also known as Somatotropin), for a use other than for the treatment of a disease or recognized medical condition, where such use has not been authorized by the Secretary of Health and Human Services pursuant to 21 U.S.C.§ 355, each such instance being a separate Count of this Indictment:

| | | | |
|---|---|---|---|
| 2. | 4/19/04 | JM | SOMATOTROPIN |
| 3. | 4/20/04 | JE | SOMATOTROPIN |
| 4. | 06/04/04 | BC | SOMATOTROPIN |
| 5. | 06/22/04 | JM | SOMATOTROPIN |
| 6. | 8/10/04 | DC | SOMATOTROPIN |
| 7. | 09/08/04 | GB | SOMATOTROPIN |
| 8. | 11/16/05 | DC | SOMATOTROPIN |
| 9. | 11/16/05 | BC | SOMATOTROPIN |
| 10. | 04/24/06 | DC | SOMATOTROPIN |
| 11. | 04/24/06 | BC | SOMATOTROPIN |

All in violation of 21 U.S.C. § 333(e)(1) and 18 U.S.C. § 2.

## COUNTS 12-27
(Distribution of Anabolic Steroids)

34. On or about the dates listed below, in the District of Rhode Island and elsewhere, the defendants DANIEL McGLONE and ANA MARIA SANTI did knowingly and intentionally distribute, and aid and abet in distribution of, a mixture and substance containing a detectable amount of anabolic steroids, each of which is a Schedule III Controlled Substance, each such instance being a separate Count of this Indictment:

| | | | |
|---|---|---|---|
| 12. | 4/19/04 | JM | TESTOSTERONE CYPIONATE<br>TESTOSTERONE PROPIONATE<br>TESTOSTERONE ENANTHATE<br>NANDROLONE DECANOATE |
| 13. | 4/20/04 | JE | TESTOSTERONE CYPIONATE<br>NANDROLONE DECANCATE |
| 14. | 06/22/04 | JM | TESTOSTERONE |
| 15. | 8/10/04 | DC | TESTOSTERONE |
| 16. | 09/08/04 | GB | TESTOSTERONE |
| 17. | 11/21/05 | JP | TESTOSTERONE SUSPENSION |
| 18. | 12/28/05 | DQ | TESTOSTERONE CYPIONATE<br>TESTOSTERONE PROPIONATE |
| 19. | 01/19/06 | JC | TESTOSTERONE CYPIONATE<br>NANDROLONE DECANOATE |
| 20. | 02/10/06 | TI | TESTOSTERONE |
| 21. | 04/24/06 | DC | TESTOSTERONE<br>NANDROLONE |
| 22. | 05/01/06 | DD | TESTOSTERONE ENANTHATE<br>TESTOSTERONE SUSPENSION |
| 23. | 05/01/06 | DF | TESTOSTERONE CYPIONATE<br>TESTOSTERONE PROPIONATE |

| | | | |
|---|---|---|---|
| 24. | 05/09/06 | JC | TESTOSTERONE CYPIONATE NANDROLONE DECANOATE |
| 25. | 06/06/06 | TI | STANOZOLOL |
| 26. | 06/20/06 | JC | NANDROLONE DECANOATE |
| 27. | 06/30/06 | DC | TESTOSTERONE |

All in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(D) & 18 U.S.C. § 2.

**COUNT 28**
(Health Care Fraud)

35. From on or about May 11, 2004, until on or about May 18, 2005, in the District of Rhode Island and elsewhere, the defendants, DANIEL McGLONE and ANA MARIA SANTI, did knowingly and willfully execute, attempt to execute, and aid and abet the execution of, a scheme or artifice to defraud a health care benefit program, to wit Blue Cross Blue Shield of Rhode Island (BCBSRI), in connection with the payment for health care benefits, items, and services, in that they falsely represented to BCBSRI that a Rhode Island customer with initials DC was undergoing hormone replacement therapy under the care of the physician A. Almarashi, and that it was medically necessary for DC to be undergoing such a treatment, thereby causing BCBSRI to pay approximately $15,772.00 in reimbursements for fraudulently prescribed drugs and related items,

All in violation of 18 U.S.C. §§ 2, 1347.

**COUNT 29**
(Health Care Fraud)

36. From on or about April 12, 2004, until on or about August 15, 2004, in the District of Rhode Island and elsewhere, the defendants DANIEL McGLONE and ANA MARIA SANTI did knowingly and willfully execute, attempt to execute, and aid and abet the execution of, a scheme

or artifice to defraud a health care benefit program, to wit Blue Cross Blue Shield of Rhode Island (BCBSRI), in connection with the payment for health care benefits, items, and services, in that they falsely represented to BCBSRI that a Rhode Island customer with initials JM was undergoing hormone replacement therapy under the care of the physician A. Almarashi, and that it was medically necessary for JM to be undergoing such a treatment, thereby causing BCBSRI to pay approximately $3,483.00 in reimbursements for fraudulently prescribed drugs and related items,

All in violation of 18 U.S.C. §§ 2, 1347.

**COUNTS 30 THROUGH 80**
(Laundering of American Pharmaceutical Group Funds)

37. The United States realleges and incorporates by this reference paragraphs 1-36 of this Indictment in their entirety as though fully set forth herein.

38. As used in this Indictment, "financial transaction" has the meaning given it in 18 U.S.C. § 1956 (c)(4).

39. On or about the dates listed below, in the District of Rhode Island and elsewhere, the defendant, DANIEL McGLONE, knowing that the property involved in the financial transactions described below represented the proceeds of some form of unlawful activity, and with the intent to promote the carrying-on of specified unlawful activity, namely distribution of controlled substances, in violation of 21 U.S.C. § 841(a)(1), and health care fraud, in violation of 18 U.S.C. § 1347, knowingly and wilfully conducted and attempted to conduct the financial transactions described below, to wit transfers by check and debit withdrawals, out of American Pharmaceutical Group Bank of New York account number 630-2108569 and American Pharmaceutical Group Commerce Bank account number 7862768574, in the approximate

amounts listed below, which in fact involved the proceeds of specified unlawful activity:

| COUNT | DATE | AMOUNT | PAYEE |
|---|---|---|---|
| 30 | 10/29/04 | $ 500.00 | American Media Inc |
| 31 | 12/17/04 | $ 650.00 | American Media Inc |
| 32 | 12/22/04 | $ 650.00 | American Media Inc |
| 33 | 01/18/05 | $ 650.00 | American Media Inc |
| 34 | 01/21/05 | $ 500.00 | American Media Inc |
| 35 | 06/07/05 | $ 1,200.00 | American Media Inc |
| 36 | 06/15/05 | $ 1,200.00 | American Media Inc |
| 37 | 07/13/05 | $ 1,200.00 | American Media Inc |
| 38 | 08/18/05 | $ 1,200.00 | American Media Inc |
| 39 | 09/29/05 | $ 1,200.00 | American Media Inc |
| 40 | 10/18/05 | $ 1,200.00 | American Media Inc |
| 41 | 12/27/05 | $ 1,200.00 | American Media Inc |
| 42 | 01/24/06 | $ 1,200.00 | American Media Inc |
| 43 | 03/01/06 | $ 1,200.00 | American Media Inc |
| 44 | 03/16/06 | $ 600.00 | American Media Inc |
| 45 | 04/14/06 | $ 1,400.00 | American Media Inc |
| 46 | 05/19/06 | $ 1,200.00 | American Media Inc |
| 47 | 06/15/06 | $ 1,200.00 | American Media Inc |
| 48 | 07/11/06 | $ 1,200.00 | American Media Inc |
| 49 | 12/21/04 | $ 980.00 | Omni Health Care |
| 50 | 01/25/05 | $ 480.00 | Omni Health Care |
| 51 | 08/02/05 | $ 1,920.00 | Omni Health Care |
| 52 | 09/02/05 | $ 1,360.00 | Omni Health Care |
| 53 | 10/03/05 | $ 600.00 | Omni Health Care |
| 54 | 11/02/05 | $ 1,000.00 | Omni Health Care |
| 55 | 12/01/05 | $ 1,350.00 | Omni Health Care |
| 56 | 01/01/06 | $ 2,000.00 | Omni Health Care |
| 57 | 02/13/06 | $ 3,600.00 | Omni Health Care |
| 58 | 03/06/06 | $ 3,450.00 | Omni Health Care |
| 59 | 04/28/06 | $ 5,660.00 | Omni Health Care |
| 60 | 06/05/06 | $ 2,500.00 | Omni Health Care |
| 61 | 07/07/06 | $ 440.00 | Omni Health Care |

| | | | |
|---|---|---|---|
| 62 | 01/05/05 | $ 275.00 | Health Wide Medical |
| 63 | 02/14/05 | $ 775.00 | Health Wide Medical |
| 64 | 03/10/05 | $ 1,225.00 | Health Wide Medical |
| 65 | 04/12/05 | $ 5,600.00 | Health Wide Medical |
| 66 | 05/02/05 | $ 4,075.00 | Health Wide Medical |
| 67 | 06/03/05 | $ 3,525.00 | Health Wide Medical |
| 68 | 07/02/05 | $ 2,575.00 | Health Wide Medical |
| 69 | 08/02/05 | $ 2,225.00 | DISA Medical P.C. |
| 70 | 09/02/05 | $ 2,550.00 | DISA Medical P.C. |
| 71 | 10/03/05 | $ 2,925.00 | DISA Medical P.C. |
| 72 | 11/02/05 | $ 2,520.00 | DISA Medical P.C. |
| 73 | 12/01/05 | $ 2,525.00 | DISA Medical P.C. |
| 74 | 01/01/06 | $ 400.00 | DISA Medical P.C. |
| 75 | 04/03/06 | $ 150.00 | DISA Medical P.C. |
| 76 | 07/03/06 | $ 2,300.00 | Victor Mariani |
| 77 | 08/01/06 | $ 1,200.00 | Victor Mariani |
| 78 | 08/14/06 | $ 1,200.00 | Planet Muscle |
| 79 | 05/12/06 | $ 600.00 | Planet Muscle |
| 80 | 08/01/06 | $ 2,350.00 | Claire Godrey, M.D. |

All in violation of 18 U.S.C. § 1956(a)(1).

## FORFEITURE ALLEGATIONS

40. Pursuant to 21 U.S.C. §§ 333(e)(3) and 853, upon conviction, the defendant, ANA MARIA SANTI, shall forfeit to the United States any and all right, title, and interest in any and all property constituting or derived from any proceeds the defendant obtained, directly or indirectly, as a result of the offenses alleged in Counts 1-27 of this Indictment, which allege conspiracy to distribute and distribution of human growth hormone and anabolic steroids, in violation of 21 U.S.C. §§ 333(e)(1) and 841(a)(1), and any and all property traceable to such property, including, but not limited to the following:

(A) A sum of money equal to $ 24,340 in United States currency, representing the amount of proceeds obtained as a result of said offenses, specifically including but not limited to:

(1) $11,253.61 seized from Commerce Bank (New Jersey) account number 7917866951 held by Omni Health Care, 100-01 Metropolitan Avenue, Suite 2-F Forrest Hills, New York.

All in accordance with 21 U.S.C. §§ 333(e)(3) and 853.

41. Pursuant to 21 U.S.C. §§ 333(e)(3) and 853, upon conviction, the defendant, DANIEL McGLONE, shall forfeit to the United States any and all right, title, and interest in any and all property constituting or derived from any proceeds the defendant obtained, directly or indirectly, as a result of the offenses alleged in Counts 1-27 of this Indictment, which allege conspiracy to distribute and distribution of human growth hormone and anabolic steroids, in violation of 21 U.S.C. §§ 333(e)(1) and 841(a)(1), and any and all property traceable to such property, including, but not limited to the following:

(A) A sum of money equal to $ 860,810.00 in United States Currency, in that this sum represents the amount of proceeds obtained from Signature Pharmacy and individual customers as a result of the offenses alleged in Counts 1-27 of this Indictment, specifically including but not limited to:

(1) $87,982.29 seized from Commerce Bank (New Jersey) account number 7862768574 in the name of American Pharmaceutical Group, LLC, 136-17 Willowbrook Drive, North Brunswick, NJ, and Listing Daniel McGlone as the sole authorized Signatory.

(2) $39,240.49 seized from Commerce Bank (New Jersey) account number 7862768574 in the name of American Pharmaceutical Group, LLC, 136-17 Willowbrook Drive, North Brunswick, NJ, and Listing Daniel McGlone as the sole authorized Signatory.

(3) Check Number 9846 drawn on R-G Crown Bank (Florida) account number 0800041972 in the name of Signature Pharamacy, in the amount of $17,721.82, that was voluntarily surrendered by Daniel McGlone to the United States Marshal Service on 10/04/04.

(4) One 2006 Red Dodge Viper, VIN #1B3JZ69Z96V100996.

(5) One 2002 Red Dodge Viper, VIN #1B3ER69E02V102936.

All in accordance with 21 U.S.C. §§ 333(e)(3) and 853.

42. Pursuant to 18 U.S.C. § 982, upon conviction, the defendant, DANIEL McGLONE, shall forfeit to the United States any and all property involved in the transactions alleged in Counts 30-80 or this Indictment, which allege violations of 18 U.S.C. § 1956, or any property traceable to such property, including but not limited to a sum of money equal to $85,535.00 in United States Currency, in that this sum is the total amount of money involved in the transactions alleged in Counts 30-80 of this Indictment.

All in accordance with 18 U.S.C. § 982.

A TRUE BILL:

REDACTED

GRAND JURY FOREPERSON

ROBERT CLARK CORRENTE
United States Attorney

ADI GOLDSTEIN
Assistant U.S. Attorney

LUIS M. MATOS
Chief, Criminal Division

CR 07 022

PER 18 U.S.C. 3170

**DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT**

BY: ☐ INFORMATION ☑ INDICTMENT

Matter Sealed: ☐ Juvenile ☐ Other than Juvenile

☐ Pre-Indictment Plea ☐ Superseding ☐ Defendant Added
☑ Indictment ☐ Charges/Counts Added
☐ Information

Name of District Court, and/or Judge/Magistrate Location (City)

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND
RI
Divisional Office

Name and Office of Person Furnishing Information on THIS FORM: ROBERT CLARK CORRENTE
☐ U.S. Atty ☐ Other U.S. Agency
Phone No. (401) 709-5000

Name of Asst. U.S. Attorney (if assigned): ADI GOLDSTEIN

CASE NO. ____________

USA vs.

Defendant: DANIEL McGLONE

Addres

REDACTED

☐ li

Birth Date

able)

Social

**PROCEEDING**

Name of Complainant Agency, or Person (& Title, if any)
FOOD AND DRUG ADMINISTRATION

☐ person is awaiting trial in another Federal or State Court (give name of court)

☐ this person/proceeding transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Atty ☐ Defense

☑ this prosecution relates to a pending case ~~involving this same defendant.~~ (Notice of Related Case must still be filed with the Clerk.)

SHOW DOCKET NO. CR 07-21 S

☐ prior proceedings or appearance(s) before U.S. Magistrate Judge regarding this defendant were recorded under

MAG. JUDGE CASE NO.

Place of offense: RHODE ISLAND County

Issue: ☑ Warrant ☐ Summons

Location Status:

Arrest Date ____________ or Date Transferred to Federal Custody ____________

☐ Currently in Federal Custody
☐ Currently in State Custody
☐ Writ Required
☐ Currently on bond
☐ Fugitive

Defense Counsel (if any): ____________

☐ FPD ☐ CJA ☐ RET'D
☐ Appointed on Target Letter

☐ This report amends AO 257 previously submitted

**OFFENSE CHARGED - U.S.C. CITATION - STATUTORY MAXIMUM PENALTIES - ADDITIONAL INFORMATION OR COMMENTS**

Total # of Counts 80

| Set | Title & Section/Offense Level (Petty = 1 / Misdemeanor = 3 / Felony = 4) | Description of Offense Charged | Count(s) |
|---|---|---|---|
| | SEE ATTACHMENT. | | |
| | | | |
| | | | |
| | | | |
| | | ESTIMATED TRIAL DAYS: 5 | |

ATTACHMENT TO DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION IN U.S. DISTRICT COURT

Defendant: **DANIEL McGLONE**

**COUNT 1:** Conspiracy - 18 U.S.C. Section 371

**PENALTIES**: maximum 5 years imprisonment; a fine of up to $250,000.00; a term of supervised release of up to 3 years; and a mandatory special assessment of $100.00.

**COUNTS 2-11:** Distribution of Human Growth Hormone - 21 U.S.C. Section 333(e)(1)

**PENALTIES**: maximum 5 years imprisonment; a fine of up to $250,000.00; a term of supervised release of up to 3 years; and a mandatory special assessment of $100.00.

**COUNTS 12-27:** Distribution of Anabolic Steroids, Schedule III Controlled Substance - 21 U.S.C. Section 841(a)(1) and (b)(1)(D).

**PENALTIES**: maximum 5 years imprisonment; a fine of up to $250,000.00; a term of supervised release of up to 3 years; and a mandatory special assessment of $100.00.

**COUNTS 28-29:** Health Care Fraud - 18 U.S.C. Sections 2, 1347

**PENALTIES:** maximum 10 years imprisonment; a fine of up to $250,000.00 or twice the gain or loss from the fraud; a term of supervised release of up to 3 years; and a mandatory special assessment of $100.00.

**COUNTS 30-80:** Money Laundering - 18 U.S.C. Section 1956(a)(1)

**PENALTIES:** maximum 20 years imprisonment; a fine of up to $500,000.00 or twice the value of the property involved; a term of supervised release of up to 3 years; and a mandatory special assessment of $100.00.

**FORFEITURE ALLEGATIONS:** 21 U.S.C. Sections 333(e)(3) and 853;
18 U.S.C. Section 982(a)(1)

CR 07 022

PER 18 U.S.C. 3170

**DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT**

BY: ☐ INFORMATION ☑ INDICTMENT

Matter Sealed: ☐ Juvenile ☐ Other than Juvenile

☐ Pre-Indictment Plea ☐ Superseding ☐ Defendant Added

☑ Indictment ☐ Charges/Counts Added

☐ Information

Name of District Court, and/or Judge/Magistrate Location (City)

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RI
Divisional Office

Name and Office of Person Furnishing Information on THIS FORM: ROBERT CLARK CORRENTE

☐ U.S. Atty ☐ Other U.S. Agency

Phone No. (401) 709-5000

Name of Asst. U.S. Attorney (if assigned): ADI GOLDSTEIN

CASE NO. ______

USA vs.

Defendant: ANA MARIE SANTI

Address:

REDACTED

☐ Ir

Birth Date

ı

able)

Soci

**PROCEEDING**

Name of Complainant Agency, or Person (& Title, if any)

FOOD AND DRUG ADMINISTRATION

☐ person is awaiting trial in another Federal or State Court (give name of court)

☐ this person/proceeding transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:

☐ U.S. Atty ☐ Defense

☑ this prosecution relates to a pending case ~~involving this same defendant.~~ (Notice of Related Case must still be filed with the Clerk.)

SHOW DOCKET NO. CR07-21S

☐ prior proceedings or appearance(s) before U.S. Magistrate Judge regarding this defendant were recorded under

MAG. JUDGE CASE NO.

Place of offense: RHODE ISLAND County

Issue: ☑ Warrant ☐ Summons

Location Status:

Arrest Date ______ or Date Transferred to Federal Custody ______

☐ Currently in Federal Custody

☑ Currently in State Custody

☐ Writ Required

☐ Currently on bond

☐ Fugitive

Defense Counsel (if any): ______

☐ FPD ☐ CJA ☐ RET'D

☐ Appointed on Target Letter

☐ This report amends AO 257 previously submitted

**OFFENSE CHARGED - U.S.C. CITATION - STATUTORY MAXIMUM PENALTIES - ADDITIONAL INFORMATION OR COMMENTS**

Total # of Counts 29

| Set | Title & Section/Offense Level (Petty = 1 / Misdemeanor = 3 / Felony = 4) | Description of Offense Charged | Count(s) |
|---|---|---|---|
| | SEE ATTACHMENT. | | |
| | | | |
| | | | |
| | | | |
| | | ESTIMATED TRIAL DAYS: 5 | |

ATTACHMENT TO DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION IN U.S. DISTRICT COURT

Defendant: **ANA MARIE SANTI**

**COUNT 1:** Conspiracy - 18 U.S.C. Section 371

**PENALTIES**: maximum 5 years imprisonment; a fine of up to $250,000.00; a term of supervised release of up to 3 years; and a mandatory special assessment of $100.00.

**COUNTS 2-11:** Distribution of Human Growth Hormone - 21 U.S.C. Section 333(e)(1)

**PENALTIES**: maximum 5 years imprisonment; a fine of up to $250,000.00; a term of supervised release of up to 3 years; and a mandatory special assessment of $100.00.

**COUNTS 12-27:** Distribution of Anabolic Steroids, Schedule III Controlled Substances - 21 U.S.C. Section 841(a)(1) and (b)(1)(D)

**PENALTIES**: maximum 5 years imprisonment; a fine of up to $250,000.00; a term of supervised release of up to 3 years; and a mandatory special assessment of $100.00.

**COUNTS 28-29:** Health Care Fraud - 18 U.S.C. Sections 2, 1347

**PENALTIES:** maximum 10 years imprisonment; a fine of up to $250,000.00 or twice the gain or loss from the fraud; a term of supervised release of up to 3 years; and a mandatory special assessment of $100.00.

**FORFEITURE ALLEGATION:** 21 U.S.C. Sections 333(e)(3) and 853