STATE OF NEW YORK : DEPARTMENT OF HEALTH
STATE BOARD FOR PROFESSIONAL MEDICAL CONDUCT

| | |
|---|---|
| IN THE MATTER<br>OF<br>ANA MARIA SANTI, M.D. | APPLICATION FOR CONSENT ORDER |

The undersigned agree to the attached application of the Respondent and to the proposed penalty based on the terms and conditions thereof.

Date: 4-21-99 [signature]
ANA MARIA SANTI, M.D.
RESPONDENT

Date: 4/21/99 [signature]
WALTER MARCUS, ESQ.
ATTORNEY FOR RESPONDENT

Date: 4/25/99 [signature]
ROY NEMERSON
DEPUTY COUNSEL
BUREAU OF PROFESSIONAL MEDICAL CONDUCT

Date: May 5, 1994

[signature]

KATHLEEN M. TANNER
DIRECTOR
OFFICE OF PROFESSIONAL
MEDICAL CONDUCT

Date: 2 May 1994

Charles J. Vacanti

CHARLES J. VACANTI, M.D.
CHAIRPERSON
STATE BOARD FOR
PROFESSIONAL MEDICAL CONDUCT

STATE OF NEW YORK : DEPARTMENT OF HEALTH
STATE BOARD FOR PROFESSIONAL MEDICAL CONDUCT

| | |
|---|---|
| IN THE MATTER<br>OF<br>ANA MARIA SANTI, M.D. | APPLICATION<br>FOR<br>CONSENT<br>ORDER |

STATE OF NEW YORK )
ss.:
COUNTY OF Nassau )

ANA MARIA SANTI, M.D., being duly sworn, deposes and says:

That on or about August 1, 1972, I was licensed to practice as a physician in the State of New York, having been issued License No. 113491 by the New York State Education Department.

I am currently registered with the New York State Education Department to practice as a physician in the State of New York for the period January 1, 1993 through December 31, 1994. My registered address is 3 Holder Place, Forest Hills, New York 11375.

I understand that the New York State Board for Professional Medical Conduct has charged me with one Specification of professional misconduct.

A copy of the Statement of Charges is annexed hereto, made a part hereof, and marked as Exhibit "A".

I admit guilt to the Specification in full satisfaction of the charges against me.

I hereby agree to the penalty that my license to practice medicine in the State of New York shall be suspended for a period of one year, that said suspension be stayed, and that I shall be placed on probation for a period of five years, subject to the terms enumerated in Exhibit B, attached.

I hereby make this Application to the State Board for Professional Medical Conduct (the Board) and request that it be granted.

I understand that, in the event that this Application is not granted by the Board, nothing contained herein shall be binding upon me or construed to be an admission of any act of misconduct alleged or charged against me, such Application shall not be used against me in any way and shall be kept in strict confidence during the pendency of the professional misconduct disciplinary proceeding; and such denial by the Board shall be made without prejudice to the continuance of any disciplinary proceeding and the final determination by the Board pursuant to the provisions of the Public Health Law.

I agree that, in the event the Board grants my Application, as set forth herein, an order of the Chairperson of the Board shall be issued in accordance with same.

I am making this Application of my own free will and accord and not under duress, compulsion or restraint of any kind or manner.

Ana Maria Santi MD

ANA MARIA SANTI, M.D.
RESPONDENT

Sworn to before me this
21st day of April , 1994

Walter Marcus

NOTARY PUBLIC

WALTER R. MARCUS
Notary Public, State of New York
No. 24-4658211
Nassau County
expires 05/31/95

EXHIBIT A

STATE OF NEW YORK : DEPARTMENT OF HEALTH
STATE BOARD FOR PROFESSIONAL MEDICAL CONDUCT

----------------------------------------------------X

| | | |
|---|---|---|
| IN THE MATTER | : | STATEMENT |
| OF | : | OF |
| ANA MARIA SANTI, M.D. | : | CHARGES |

----------------------------------------------------X

ANA MARIA SANTI, M.D., the Respondent, was authorized to practice medicine in New York State on August 1, 1972 by the issuance of license number 113491 by the New York State Education Department. The Respondent is currently registered with the New York State Education Department to practice medicine for the period January 1, 1993 through December 31, 1994. Respondent's registered address is 3 Holder Place, Forest Hills, New York 11375.

**ALLEGATIONS**

A. Respondent has been a dependent, habitual abuser of alcohol since prior to 1980, with periods of sobriety followed by relapse with alcohol and Librium.

## SPECIFICATION OF MISCONDUCT

### SUBSTANCE OF DEPENDENCE

Respondent is charged with committing professional misconduct in that she has been an habitual abuser of alcohol, within the meaning of N.Y. Educ. Law Section 6530 (8) (McKinney Supp. 1994), as Petitioner alleges in:

A. Paragraph A.

DATED: New York, New York
, 1994

CHRIS STERN HYMAN
Counsel
Bureau of Professional
Medical Conduct

EXHIBIT "B"

TERMS OF PROBATION

1. ANA MARIA SANTI, M.D., during the period of probation, shall conduct herself in all ways in a manner befitting her professional status, and shall conform fully to the moral and professional standards of conduct imposed by law and by her profession;

2. That Respondent shall submit written notification to the New York State Department of Health (NYSDOH), addressed to the Director, Office of Professional Medical Conduct, New York State Health Department, Corning Tower Building, 4th Floor, Empire State Plaza Albany, New York 12237 of any employment and practice, of Respondent's residence and telephone number, of any change in Respondent's employment, practice, residence, or telephone number within or without the State of New York;

3. Respondent shall submit written proof from the Division of Professional Licensing Services (DPLS), New York State Education Department (NYSED), that Respondent has paid all registration fees due and owing to the NYSED and Respondent shall cooperate with and submit whatever papers are requested by DPLS in regard to said registration fees, said proof from DPLS to be submitted by Respondent to the New York State Department of Health, addressed to the Director, Office of Professional Medical Conduct, as aforesaid, no later than the first three months of the period of probation;

4. Respondent shall submit written proof to the NYSDOH, addressed to the Director, Office of Professional Medical Conduct, as aforesaid, that 1) Respondent is currently registered with the NYSED, unless Respondent submits written proof that Respondent has advised DPLS, NYSED, that Respondent is not engaging in the practice of Respondent's profession in the State of New York and does not desire to register, and that 2) Respondent has paid any fines which may have previously been imposed upon Respondent by the Board or by the Board of Regents; said proof of the above to be submitted no later than the first two months of the period of probation;

5. Respondent shall comply with all terms, conditions, restrictions, and penalties to which he is subject pursuant to the order of the Board;

6. At all times during the period of probation:

   a. Respondent shall remain drug and alcohol free.

b. Respondent's sobriety shall be monitored by a health care professional proposed by Respondent but subject to the approval of the Director of the Office of Professional Medical Conduct. Said monitor shall supervise Respondent's compliance with the probationary terms set forth in the Order. Said monitor shall acknowledge his/her willingness to comply with the monitoring by executing an acknowledgement provided by the Office of Professional Medical Conduct.

i. Said monitor shall be familiar with Respondent's history of substance abuse, with the results of any and all neurological and psychiatric evaluations of Respondent, and with the terms of probation contained in or annexed to the Consent Order. Said monitor shall not be Respondent's treating physician.

ii. Said monitor shall see Respondent at least once per month.

iii. Said monitor shall direct Respondent to submit to random, observed, unannounced tests of Respondent's blood, breath, and/or urine for the presence of drugs or alcohol and to evaluate whether she has complied with the requirement set forth in Paragraph 6 (d), below, that she be maintained on a regimen of Antabuse. Any failure to so comply shall be deemed a violation of probation. Respondent shall comply with said direction. The monitor shall report to the Office of Professional Medical Conduct (the Office) within 24 hours if at any time such a test is refused by Respondent or is positive for drugs or alcohol, or negative for Antabuse. During the first six months of the period of probation, such random, observed, unannounced tests shall be conducted with a minimum frequency of three times per week. During the seventh through eighteenth months of the period of probation, such random, observed, unannounced tests shall be conducted with a minimum frequency of twice per week. Thereafter, the minimum frequency of such tests may be reduced, at the discretion of the monitor, but only with advance consent of the Director of the Office of Professional Medical Conduct. At all times said monitor shall have

tests with greater than the minimum frequency herein specified.

iv. Said monitor shall report to the Office any noncompliance with the terms of probation.

v. Said monitor shall not be a personal friend of Respondent's.

vi. Said monitor shall submit to the Office quarterly reports either certifying Respondent's compliance, or detailing Respondent's failure to comply, with each of the terms of probation. The reports shall include the results of all body fluid and/or breath tests for drugs and/or alcohol and/or Antabuse performed during the quarter.

c. Respondent shall practice medicine only in a supervised setting, approved by the Director of OPMC, and shall be supervised in her medical practice by an on-site licensed physician who is an anesthesiologist and who shall be proposed by Respondent but subject to the approval of the Director of the Office of Professional Medical Conduct. Said supervising physician shall perform weekly chart reviews to assess the level of Respondent's performance. Said supervising physician shall cause Respondent to be tested via breathalyzer immediately prior to each shift worked by Respondent during the first year of the period of probation. Said supervising physician shall be familiar with Respondent's history of substance abuse and with the Consent Order and its terms of probation. Said supervising physician shall be in a position regularly to observe and assess Respondent's medical practice. Said supervising physician shall acknowledge his/her willingness to comply with the supervision by executing an acknowledgement provided by the Office of professional Medical Conduct.

i. Said supervising physician shall have the authority to direct Respondent to submit to unannounced tests of Respondent's blood, breath, and/or urine for the presence of drugs or alcohol. Respondent shall comply with such direction. The supervising physician shall report to the Office within 24 hours if at any time such a test is refused by Respondent or is positive.

ii. Said supervising physician shall submit to the Office quarterly reports regarding the quality of Respondent's medical practice, any unexplained absences from work and

detailing any failure to comply with each term of probation.

d. Respondent shall continue in treatment with a health care professional or a treatment program for as long as the health care professional or treatment program determines it is necessary. Respondent shall comply with the treatment regimen prescribed by her treating professional(s), and shall further be maintained on a medically appropriate prescribed regimen of Antabuse. By placement of her initials below, Respondent. as part of this application seeking entry of a Consent Order in lieu of a hearing pursuant to Section 230 of the Public Health Law, indicates her willingness and consent to be maintained on a medically appropriate Antabuse regimen. ([illegible]).

i. Respondent's treating health care professional or program shall submit to the Office quarterly reports certifying that Respondent is complying with the treatment.

ii. Said treating health care professional or program shall report to the Office immediately if the Respondent drops out of treatment.

iii. Said treating health care professional or program shall report to the Office any significant pattern of absences.

iv. Said treating health care professional or program shall acknowledge his/her/its willingness to comply with the above-mentioned reporting by executing an acknowledgement provided by the Office of Professional Medical Conduct.

e. Respondent shall submit to and cooperate with an initial, complete neurological and psychiatric evaluation, within 30 days of the effective date of the instant consent order, by a physician approved by the Director of OPMC. Said initial evaluation shall also include a work up of Respondent's elevated TSH (pituitary function) levels. At the discretion of the Director of OPMC Respondent shall submit to, and cooperate with, follow-up neurological and psychiatric evaluations, annually. The results of all said initial and follow-up evaluations shall be reported to Respondent's treating health care professional or program, to the Director of OPMC, and to Respondent's monitor.

7. Any civil penalty not paid by the date prescribed herein shall be subject to all provisions of law relating to debt collection by the State of New York. This includes but is not limited to the imposition of interest, late payment charges and collection fees; referral to the New York State Department of Taxation and Finance for collection; and nonrenewal of permits or licenses (Tax Law section 171(27); State Finance Law Section 18; CPLR section 5001; Executive Law Section 32).

8. So long as there is full compliance with every term herein set forth, Respondent may continue to practice his or her aforementioned profession in accordance with the terms of probation; provided, however, that upon receipt of evidence of noncompliance with, or any violation of these terms, the Director of the Office of Professional Medical Conduct and/or the Board may initiate a violation of probation proceeding and/or such other proceeding against Respondent as may be authorized pursuant to the Public Health Law.