New York State Board for Professional Medical Conduct
433 River Street, Suite 303 Troy, New York 12180-2299

Barbara A. DeBuono, M.D., M.P.H.
Commissioner of Health

Patrick F. Carone, M.D., M.P.H.
Chair
Ansel R. Marks, M.D., J.D.
Executive Secretary

May 11, 1998

**CERTIFIED MAIL-RETURN RECEIPT REQUESTED**

Ana Maria Santi, M.D.
3 Holder Place
Forest Hills, New York 11375

RE: License No. 113491

Dear Dr. Santi:

Enclosed please find Order #BPMC 98-86 of the New York State Board for Professional Medical Conduct. This Order and any penalty provided therein goes into effect **May 11, 1998.**

If the penalty imposed by the Order is a surrender, revocation or suspension of this license, you are required to deliver to the Board the license and registration within five (5) days of receipt of the Order.

Board for Professional Medical Conduct
New York State Department of Health
Hedley Park Place, Suite 303
433 River Street
Troy, New York 12180

Sincerely,

Ansel R. Marks, M.D., J.D.
Executive Secretary
Board for Professional Medical Conduct

Enclosure
cc: Wilfred T. Friedman, Esq.
The Bar Building
36 West 44th Street
New York, New York 10036

Roy Nemerson, Esq.

EXHIBIT 1

NEW YORK STATE DEPARTMENT OF HEALTH
STATE BOARD FOR PROFESSIONAL MEDICAL CONDUCT

| IN THE MATTER OF ANA MARIA SANTI, M.D. | CONSENT AGREEMENT AND ORDER OF INDEFINITE SUSPENSION |
|---|---|

BPMC #98-86

STATE OF NEW YORK )
COUNTY OF New York ) ss.:

ANA MARIA SANTI, M.D., being duly sworn, deposes and says:

That on or about August 1, 1972, I was licensed to practice as a physician in the State of New York, having been issued License No. 113491 by the New York State Education Department. I am currently subject to an Order of the Commissioner of Health, issued pursuant to §230(12) of the Public Health Law, as well as BPMC Order #94-69, attached and incorporated.

My current address is 3 Holder Place, Forest Hills, New York 11375, and I will advise the Director of the Office of Professional Medical Conduct of any change of my address.

I understand that the New York State Board for Professional Medical Conduct has charged me with eight specifications of professional misconduct.

A copy of the Statement of Charges is annexed hereto, made a part hereof, and marked as Exhibit "A".

I do not contest these specifications, in full satisfaction of the charges against me. I hereby agree to the following penalty:

> My license to practice medicine in the State of New York shall be suspended wholly and indefinitely.

I shall be subject to the following Conditions, which I hereby stipulate and agree may be imposed pursuant to §230 of the Public Health Law

CONDITIONS

1. I shall, at all times during the period of suspension, be required to cooperate fully with any and all investigations and prosecutions, providing full and truthful information and testimony regarding any matter within my knowledge. Such cooperation shall be provided, at the direction of the Director of the Office of Professional Medical Conduct, to any and all governmental entities, Federal, State, or local, in investigations and or litigation of any matter, whether administrative, civil, or criminal.

2. I shall, at all times during the period of suspension, and thereafter for the duration of this or any subsequent order, completely abstain from the use of alcohol or any other mood altering drug or substance, except to the extent that I may comply with the course of treatment prescribed by a licensed physician who is familiar with my complete history of substance abuse.

3. I shall provide quarterly signed, sworn, notarized written statements, subject to civil and criminal penalties for perjury, to the Director of OPMC, truthfully:

a. stating whether or not I have complied with the absolute prohibition, imposed by this order, against my engaging in any practice of medicine IN THE STATE OF NEW YORK during the calendar quarter immediately preceding such statement; and

JS.

b. listing every medical office or facility at which I have, during the immediately preceding calendar quarter, engaged in any activity other than that of being treated.

c. listing a full description of any employment, of any nature, engaged in during the immediately preceding quarter. *

I hereby stipulate that any failure by me to comply with such condition shall constitute misconduct as defined by New York State Education Law §6530(29)(McKinney Supp 1998). I further explicitly recognize that during the period of my suspension, I will not have the lawful authority to engage in any practice of medicine IN THE STATE OF NEW YORK and I acknowledge that any such practice could lead to both additional disciplinary proceedings and criminal prosecution for the unlawful practice of medicine.

JS.

With the proviso that such indefinite period of suspension shall continue for no less than 30 months, I shall be permitted, upon compliance with all conditions and after the passage of said minimum period, to petition the State Board for Professional Medical Conduct for a Modification Order, staying such suspension and permitting me to practice medicine IN THE STATE OF NEW YORK under whatever limitation(s), term(s) of

JS

probation, or further conditions the Board, in its reasonable discretion, exercised by a Committee on Professional Conduct, after I have met a burden of proof and persuasion in a proceeding as set forth in this agreement. may deem appropriate. I understand and agree that the Committee's exercise of such discretion shall not be reviewable through recourse to the Administrative Review Board.

I understand and hereby agree that my right to petition, and the Board's authority to grant such petition, shall be subject to conditions precedent including but not limited to that I comply at all times with each of Conditions 1 through 3, above.

Specifically, upon my completion of the minimum period of suspension, upon my compliance with the Conditions, and upon my providing to the Director of a certain minimal, *prima facie* evidence of fitness and clinical competence to practice medicine, as set forth in the above enumerated Conditions and in Exhibit B, attached hereto, I may request a modification of such sanction, as further set forth in Exhibit B.

I agree that in any proceeding before the State Board for Professional Medical Conduct, whether in regard to a petition regarding the instant Consent Order, or in the event I am charged with professional misconduct in the future, this agreement and order shall be admitted into evidence in such proceeding.

I hereby make this Application to the State Board for Professional Medical Conduct (the Board) and request that it be granted.

I understand that, in the event that this Application is not granted by the Board, nothing contained herein shall be binding upon me or construed to be an admission of any act of misconduct alleged or charged against me, such Application shall not be used against me in any way and shall be kept in strict

confidence during the pendency of the professional misconduct disciplinary proceeding; and such denial by the Board shall be made without prejudice to the continuance of any disciplinary proceeding and the final determination by the Board pursuant to the provisions of the Public Health Law.

I agree that, in the event the Board grants my Application, as set forth herein, an order of the Chairperson of the Board shall be issued in accordance this Application.

I am making this Application of my own free will and accord and not under duress, compulsion or restraint of any kind or manner. In consideration of the value to me of the acceptance by the Board of this Application, allowing me to resolve this matter without the various risks and burdens of further proceedings on the merits, I knowingly waive any right I may have to contest the Consent Order for which I hereby apply, whether administratively or judicially, and ask that the Application be granted.

Ana Maria Santi
ANA MARIA SANTI, M.D.
RESPONDENT

Sworn to before me this
23 day of April, 1998.

NOTARY PUBLIC

WILFRED T. FRIEDMAN
NOTARY PUBLIC, State of New York
No. 31-4954326
Qualified in New York County
Commission Expires August 11, 1999

The undersigned agree to the attached application of the Respondent and to the proposed penalty based on the terms and conditions thereof.

DATE: 4/28/98

WILFRED T. FRIEDMAN, ESQ.
Attorney for Respondent

DATE: 4/29/98

ROY NEMERSON
Deputy Counsel
Bureau of Professional
Medical Conduct

DATE: May 5, 1998

ANNE F. SAILE
Director
Office of Professional
Medical Conduct

NEW YORK STATE DEPARTMENT OF HEALTH
STATE BOARD FOR PROFESSIONAL MEDICAL CONDUCT

| IN THE MATTER OF ANA MARIA SANTI, M.D. | CONSENT AGREEMENT AND ORDER OF INDEFINITE SUSPENSION |
|---|---|

Upon the proposed agreement of ANA MARIA SANTI, M.D. (Respondent) for Consent Order, which application is made a part hereof, it is agreed to and

ORDERED, that the application and the provisions thereof are hereby adopted and so ORDERED, and it is further

ORDERED, that this order shall be effective upon issuance by the Board, which may be accomplished by mailing, by first class mail, a copy of the Consent Order to Respondent at the address set forth in this agreement or to Respondent's attorney by certified mail, or upon transmission via facsimile to Respondent or Respondent's attorney, whichever is earliest.

SO ORDERED.

DATED: May 6, 1998

PATRICK F. CARONE, M.D., M.P.H.
Chairperson
State Board for Professional Medical Conduct

EXHIBIT "B" 4/98

1. I request, agree, and understand that the suspension of my license shall be terminated only upon a showing to the satisfaction of a Committee on Professional Conduct of the State Board for Professional Medical Conduct (henceforth "Committee") that I have successfully complied with or completed an course of therapy and ongoing evaluation, which successful compliance or completion must include a determination by said Committee that I am no longer incapacitated for the active practice of medicine and that I am both morally and professionally fit and clinically competent to practice medicine. I shall provide to the Office of Professional Medical Conduct a proposed treatment plan, for advice as to whether it is generally appropriate, but I understand that the determination of successful compliance with or completion of the course of therapy shall be made solely by the Committee, and shall include, but not be limited to, a determination that I am no longer incapacitated for the active practice of medicine.

2. I request, agree, and understand that upon my request, a meeting of a Committee shall be convened for the purpose of my making the showing referred to in paragraph 1. The Board will make reasonable attempts to convene a Committee not later than 90 days after my request, which shall not be deemed to have been perfected until receipt, by the Director of the Office of Professional Medical Conduct, of all that is required to be provided by me pursuant to the Conditions imposed upon me and pursuant to paragraph 3 below. I understand and agree that the procedural nature of said proceeding shall be determined by the State Board for Professional Medical Conduct through the discretion of the Director of the Office of Professional Medical Conduct upon consultation with Counsel, Bureau of Professional Medical Conduct. I understand and agree that proceedings before said Committee shall *not* be in the nature of a *hearing* pursuant to New York Public Health Law §230, but shall, instead, be informal and intended only for the purpose of addressing any and all facts, evidence, information, circumstances, or issues which do or may relate to the advisability of terminating the suspension of my license. The Committee shall be given access to evidence and information including but not limited to:

a. Any and all evidence pertaining to Respondent's compliance with the Conditions imposed.

b. Any and all evidence relating to Respondent's cooperation with Federal, State, and local governmental investigations, litigation, and prosecution, whether administrative, civil, or criminal in nature.

c. Any evidence which the Director of the Office of Professional Medical Conduct or Counsel, Bureau of Professional Medical Conduct deems appropriate.

3. I request, agree, and understand that at the time that I request that a meeting of a Committee be scheduled, pursuant to paragraph 2, I will provide the Director of the Office of Professional Medical Conduct, New York State Department of Health, 433 River Street, Suite 303, Troy, NY 12180-2299, with the following:

a. The signed acknowledgement from the supervising physician referred to in paragraph 5c.

b. The signed acknowledgement from the health care professional referred to in paragraph 5d.

c. Certified true and complete copies of records of all evaluation and treatment, relating to my impairment, whether that evaluation and treatment occurred prior to or during the time this surrender is in effect. These records shall include documentation of the results of all urine/blood/breath tests conducted to detect the presence of drugs and/or alcohol.

d. Fully executed waivers of patient confidentiality concerning any previous and prospective treatment records.

e. An independent current psychiatric evaluation by a board certified psychiatrist. Also, upon request of the Director of OPMC, a current in-depth chemical dependency evaluation by a health care professional in a licensed facility.

f. A report of a complete clinical competency assessment, performed by a program for such assessment, such program to be proposed by Respondent and subject to the prior written approval of the Director of OPMC.

g. My attendance at, participation in, and cooperation with any interview or interviews conducted by personnel of OPMC, upon the request of the Director thereof.

Provision of the aforesaid documents does not constitute a showing that I am no longer incapacitated for the active practice of medicine.

4. At the proceeding referred to in paragraph 2, I will provide the committee, at a minimum, with the following:

a. Certified true and complete records of all psychiatric, psychological, and/or any other mental health treatment, evaluation, and/or testing, whether in an out-patient, in-patient, office, consultation setting.

b. Evidence of compliance with the terms of a continuing after-care out-patient treatment plan that addresses the major problems associated with my illness.

c. Evidence that I have maintained adequate knowledge and competence to practice as a physician. Such evidence shall include documentation of continuing medical education and, if so requested by the Director of OPMC, a report of an independent evaluation of my medical knowledge and competence.

Submission of the aforesaid evidence does not constitute a showing that I am no longer incapacitated for the active practice of medicine.

5. I request, agree, and understand that if the Chairperson of the Committee issues an order (Order) finding that I have successfully completed the prescribed course of treatment, thereby terminating the suspension of my license, the Order shall further impose a period of probation, pursuant to New

York Public Health Law §230-a, during which my practice of medicine shall be subject to conditions imposed. My practice shall be subject to such conditions for a period of no less than five years. The minimum conditions will include any Conditions set forth in BPMC Order 94-69, and as follows:

a. I will comply with the terms of a continuing after-care treatment plan that addresses the major problems associated with my illness.

b. At the direction of the Director of OPMC, I will submit to periodic interviews with, and evaluations by, a board certified psychiatrist or other licensed mental health practitioner designated by the Director. Said practitioner shall report to the Director regarding my condition and my fitness or incapacity to practice medicine.

c. I will be supervised in my medical practice by a licensed physician, proposed by me and approved in writing by the Director of OPMC, in accordance with the conditions contained in or annexed to the Order. Said supervising physician shall be familiar with my history of impairment and with the Order and its conditions. Said supervising physician shall supervise my compliance with the conditions of practice imposed by the Order. Said supervising physician shall be in a position regularly to observe and assess my medical practice. Said supervising physician shall acknowledge his/her willingness to comply with the supervision by executing the acknowledgement provided by OPMC. The approval of a practice supervisor as described in this paragraph will remain a condition precedent to my practice of medicine throughout the period of my probation. Any practice of medicine in the absence of an approved practice supervisor is unauthorized and will constitute a violation of the terms of probation and the unauthorized practice of medicine.

i. Said supervising physician shall submit to

OPMC quarterly reports regarding the quality of my medical practice, any unexplained absences from work and certifying my compliance or detailing my failure to comply with each condition imposed.

ii. Said supervising physician shall report any suspected impairment, inappropriate behavior, questionable medical practices or possible misconduct to OPMC.

d. I will continue in treatment with a health care professional, proposed by me and approved, in writing, by the Director of OPMC, for as long as the health care professional determines it is necessary.

i. My treating health care professional or program shall submit to OPMC quarterly reports certifying that I am complying with the treatment.*

ii. Said treating health care professional shall report to OPMC immediately if I am noncompliant with my treatment plan or if I demonstrate any significant pattern of absences.

iii. Said treating health care professional shall acknowledge his/her willingness to comply with the above-mentioned reporting by executing the acknowledgement provided by OPMC.

6. I agree that the terms set out in paragraph 5 shall be the minimum probation terms, related to my fitness to practice, to be imposed on my practice upon restoration of my license, and that other reasonable terms may be added by the Committee at the time of license restoration, and that the costs of complying with all such terms will be my responsibility. I understand that any failure by me to comply with the conditions imposed upon my practice at the time of license restoration, may result in disciplinary action being brought against me charging professional misconduct as defined by the New York State Education Law,

including but not limited to N.Y. Educ. Law Section 6530(29) (McKinney Supp. 1998). That section defines professional misconduct to include "violating any... condition... imposed on the licensee pursuant to section two hundred thirty of the public health law."

7. I agree that upon any denial of license restoration made by the Committee, I shall not again request convening of a Committee until a minimum period of twelve months has elapsed since such proceeding commenced.

8. I agree that in addition to the terms set out in paragraph 5 and any other terms imposed by added by the Committee upon restoration of my license, I shall also be subject to the following standard terms of probation:

a. I shall conduct myself in all ways in a manner befitting my professional status, and shall conform fully to the moral and professional standards of conduct and obligations imposed by law and by my profession.

b. I shall submit written notification to the New York State Department of Health addressed to the Director of the Office of Professional Medical Conduct, New York State Department of Health, 433 River Street, Suite 303, Troy, NY 12180-2299; said notice is to include a full description of any employment and practice, professional and residential addresses and telephone numbers within or without New York State, and any and all investigations, charges, convictions or disciplinary actions by any local, state or federal agency, institution or facility, within thirty days of each action.

c. I shall fully cooperate with and respond in a timely manner to requests from OPMC to provide written periodic verification of Respondent's compliance with the terms of this Order. I shall personally meet with a person designated by the Director of OPMC as requested by the Director.

d. Any civil penalty not paid by the date prescribed herein shall be subject to all provisions of law relating to debt collection by New York State. This includes but is not limited to the imposition of interest, late payment charges and collection fees; referral to the New York State Department of Taxation and Finance for collection; and non-renewal of permits or licenses [Tax Law section 171(27)]; State Finance Law section 18; CPLR section 5001; Executive Law section 32].

e. The period of probation shall be tolled during periods in which I am not engaged in the active practice of medicine in New York State. I shall notify the Director of OPMC, in writing, if I am not currently engaged in or intend to leave the active practice of medicine in New York State for a period of thirty (30) consecutive days or more. Respondent shall then notify the Director again prior to any change in that status. The period of probation shall resume and any terms of probation which were not fulfilled shall be fulfilled upon Respondent's return to practice in New York State. The tolling provision set forth in this paragraph may be waived by the Director of the OPMC, in the Director's discretion.

f. My professional performance may be reviewed by the Director of OPMC. This review may include, but shall not be limited to, a review of office records, patient records and/or hospital charts, interviews with or periodic visits with me and my staff at practice locations or OPMC offices.

g. I shall maintain legible and complete medical records which accurately reflect the evaluation and treatment of patients. The medical records shall contain all

information required by State rules and regulations regarding controlled substances.

h. I shall comply with all terms, conditions, restrictions, limitations and penalties to which I am subject pursuant to the Order and I shall assume and bear all costs related to compliance. Upon receipt of evidence of noncompliance with, or any violation of these terms, the Director of OPMC and/or the Board may initiate a violation of probation proceeding and/or any such other proceeding against me as may be authorized pursuant to the law.