STATE OF NEW YORK : DEPARTMENT OF HEALTH
STATE BOARD FOR PROFESSIONAL MEDICAL CONDUCT

-------------------------------------------X

| | |
|---|---|
| IN THE MATTER | : STATEMENT |
| OF | : OF |
| ANA MARIA SANTI, M.D. | : CHARGES |

-------------------------------------------X

ANA MARIA SANTI, M.D., the Respondent, was authorized to practice medicine in New York State on August 1, 1972 by the issuance of license number 113491 by the New York State Education Department. The Respondent is currently not registered with the New York State Education Department to practice medicine as her license is indefinitely suspended. Her former registration address is 3 Holder Place, Forest Hills, NY 11375.

## FACTUAL ALLEGATIONS

A. On or about May 11, 1998, the New York State Board for Professional Medical Conduct issued Consent Order BPMC #98-86, hereto attached as Exhibit 1, wherein ANA MARIA SANTI, M.D., Respondent, did not contest eight specifications of professional misconduct, including violations of probation, fraud and moral unfitness. The agreed penalties included an indefinite suspension for a minimum period of thirty (30) months as well as various conditions of the Order.

B. On or about June 22, 1998, at the medical office of Dr. Peter Corines, Queens, New York, Respondent provided anesthesia

to Patient A (a list of patient names is attached as Exhibit A) during Patient A's surgery to treat her hemorrhoids.

C. On or about June 24, 1998, at the medical office of Dr. Peter Corines, Queens, New York, Respondent provided anesthesia to Patient B during Patient B's surgery to remove varicose veins from her legs.

D. On or about July 28, 1998, at the medical office of Dr. Peter Corines, Queens, New York, Respondent provided anesthesia to Patient C during Patient C's surgery to treat his hemorrhoids.

E. On or about December 4, 1998, at the medical office of Dr. Peter Corines, Queens, New York, Respondent provided anesthesia to Patient D during Patient D's surgery to correct a condition of puffiness and darkness on the skin underneath her eyes.

F. On or about December 30, 1998, at the medical office of Dr. Peter Corines, Queens, New York, Respondent provided anesthesia to Patient D during Patient D's follow up surgery to the abovementioned December 4, 1998 surgery.

G. Respondent's medical license was suspended on May 11, 1998 by BPMC Order No. 98-86. At the time of the five surgeries listed above, the Respondent's medical license remained suspended.

H. On or about June, 1998 through and including February 1999 at the medical office of Dr. Peter Corines, Queens, New York, Respondent provided medical care to various patients consisting of administering intravenous solutions and/or medications via an intravenous route. During this period, Respondent did not hold any New York professional license which would permit her to administer intravenous solutions or medications.

I. On August 6, 1998, Respondent completed a Quarterly Statement swearing under penalty of perjury that for the period of May 11, 1998 through August 10, 1998, she had not engaged in any activity in a medical office or facility other than that of being treated. She also swore that she had not been employed in any capacity during this same period. On or about August 6, 1998, she remitted that document to the New York State, Department of Health, Office of Professional Medical Conduct's Physician Monitoring Program (PMP).

J. On November 14, 1998, Respondent completed a Quarterly Statement swearing under penalty of perjury that for the period of August 11, 1998 through November 10, 1998, she had not engaged in any activity in a medical office or facility other than that of being treated. She also swore that she had not been employed in any capacity during this same period. On or about November 14, 1998, she remitted that document to the New York State, Department of Health, Office of Professional Medical Conduct's Physician Monitoring Program (PMP).

K. On March 29, 1999, Respondent completed a Quarterly Statement swearing under penalty of perjury that for the period of November 11, 1998 through February 10, 1999, she had been engaged at Medical Surgical Consultants, Queens, New York as a medical assistant. On or about March 29, 1999, she remitted that document to the New York State, Department of Health, Office of Professional Medical Conduct's Physician Monitoring Program (PMP).

L. Pursuant to BPMC Order No. 98-86, Condition 1,. Respondent was,

> "required to cooperate fully with any and all investigations and prosecutions, providing full and truthful information and testimony regarding any matter within my knowledge. Such cooperation shall be provided, at the Direction of the Director of the Office of Professional Medical Conduct, to any and all governmental entities, Federal, State, local, in investigations and or litigation of any matter, whether administrative, civil, or criminal".

On April 21, 1999, Joann Dawson, Director of OPMC's Physician Monitoring Program, remitted a letter to Respondent advising her that,

> "we are conducting an investigation to determine whether or not you violated the Order, including, but not limited to whether you: practiced medicine while suspended; practiced any other profession while unlicensed; and/or provided false information regarding your employment. Please be advised that we have scheduled an **examination under oath** on April 30, 1999 at 11:00 A.M. at the Office of Professional Medical Conduct, 433 River Street, 4th Floor, Troy, New York ... Please be advised that should you fail to cooperate with this investigation you may subject yourself to further disciplinary proceedings due to a violation of a Board Order, pursuant to NYS Education Law §6530(29)".

Respondent refused to appear for the examination citing a conflict with her 5th Amendment rights.

# SPECIFICATIONS

## FIRST THROUGH FIFTH SPECIFICATIONS
## FRAUDULENT PRACTICE

Respondent is charged with committing professional misconduct as defined in N.Y. Education Law §6530(2) by practicing the profession of medicine fraudulently, in that Petitioner charges:

1. The facts in paragraphs A, B and F.
2. The facts in paragraphs A, C and F.
3. The facts in paragraphs A, D and F.
4. The facts in paragraphs A, E and F.
5. The facts in paragraphs A, F and G.

## SIXTH THROUGH TENTH SPECIFICATIONS
## FAILURE TO COMPLY WITH STATE LAW

Respondent is charged with committing professional misconduct as defined in N.Y. Education Law §6530(16) by willfully failing to comply with New York State Education Law §6512 and/or §6522, in that Petitioner charges:

6. The facts in paragraphs A, B and F.
7. The facts in paragraphs A, C and F.
8. The facts in paragraphs A, D and G.
9. The facts in paragraphs A, E and G.
10. The facts in paragraphs A, F and G.

## ELEVENTH THROUGH SIXTEENTH SPECIFICATIONS

## VIOLATION OF A CONDITION IMPOSED ON LICENSEE

Respondent is charged with committing professional misconduct as defined in N.Y. Education Law §6530(29) by violating a condition imposed on Respondent pursuant to section 230 of the public health law, in that Petitioner charges:

11. The facts in paragraphs A, B and G.
12. The facts in paragraphs A, C and G.
13. The facts in paragraphs A, D and G.
14. The facts in paragraphs A, E and G.
15. The facts in paragraphs A, F and G.
16. The facts in paragraphs A and L.

## SEVENTEENTH THROUGH NINETEENTH SPECIFICATIONS
## WILFULLY FILING A FALSE REPORT

Respondent is charged with committing professional misconduct as defined in N.Y. Education Law §6530(21) by wilfully filing a false report required by the department of health, in that Petitioner charges:

17. The facts in paragraphs A, B, C, D, H and I.
18. The facts in paragraphs A, H and J.
19. The facts in paragraphs A, E, F, H and K.

DATED: August 11, 1999
Albany, New York

PETER D. VAN BUREN
Deputy Counsel
Bureau of Professional
Medical Conduct