# NY doctor's aiding, abetting conviction stands

Daily Record (Rochester, NY), Nov 19, 2004 by Jill Miller

A licensed physician can be prosecuted under Education Law Section 6512(1) for aiding and abetting an unauthorized individual in the unlawful practice of medicine.

This was the finding of New York State's highest court in two cases: People v. Ana Marie Santi; People v. Peter Corines. The defendants were convicted of four counts of unauthorized practice of medicine. They claimed the evidence was legally insufficient to support the charges and alleged potential juror misconduct. The defendants' convictions were upheld by the Appellate Division, First Department.

The New York State Court of Appeals reviewed the arguments and evidence before affirming the orders of the Appellate Division.

## The Facts

The defendant, Dr. Peter Corines, is a licensed medical doctor who owned and operated two medical offices - Surgical Consultants, P.C. and Ambulatory Anesthesia, P.C. - both in Queens County, NY. From 1997 to 1998, defendant, Ana Marie Santi, worked for Dr. Corines at Surgical Consultants.

Santi was licensed to practice medicine in 1972. Dr. Corines hired Santi to work as an anesthesiologist. However, the New York State Department of Health suspended Santi's license to practice in March 1998. Santi continued to work as a medical consultant at Surgical Consultants.

ADVERTISEMENT

Both defendants were charged with four counts of unauthorized practice of medicine under Education Law Section 6512(1). The charges were based on the treatment of three patients by Dr. Corines.

On June 22, 1998 Santi started an intravenous line on patient A. Dr. Corines began laser eye surgery but the patient woke up twice during the surgery. The first time she awoke, Dr. Corines was in the room, however he was not present the second time she awoke and Santi gave her an injection to calm her.

On July 28, 1998, Dr. Corines treated patient B. However, Santi prepped and cleaned the patient's hand and inserted a needle and connected it to an I.V. bag. The patient stated he felt a warm sensation and saw Santi adjust the flow of liquid in the bag. Dr. Corines performed the procedure but Santi removed the needle from the patient's hand.

Patient C had cosmetic eye surgery on Dec. 4, 1998 at Surgical Consultants. Both defendants were in the operating room. Again Santi inserted the needle into the patient's hand. She stated she felt the medication and fell into unconsciousness.

The patient's eyelids became infected and she returned to Surgical Consultants. Dr. Corines gave her an injection to ease the pain while Santi put an I.V. line in the patient's hand.

During the trial the prosecution asserted Santi engaged in the unauthorized practice of medicine after she administered anesthesia. The prosecution also claimed Dr. Corines aided and abetted Santi.

The defendants asserted the I.V. lines Santi inserted did not contain anesthesia, only water and glucose. They argued Santi only prepared the patients and Dr. Corines administered the anesthesia.

After the prosecution presented its proof Dr. Corines moved to dismiss asserting the evidence was insufficient to support the charges. Specifically he claimed no 'qualified' individual testified to the use of anesthesia.

Santi joined the motion to dismiss and claimed even held in the light most favorable to the People ... there is no specific proof as to the actual drugs or anesthesia having been administered.

The trial court ultimately denied the defendants' motion and the defendants moved to dismiss after their presentation of their case. The judge reserved decision and the jury convicted both defendants of all the

The defendants then conducted an investigation and discovered what they believed to be misconduct on the part of a juror. They asserted a juror improperly influenced other members of the jury and moved to set aside the verdict.

The court denied the motion and the defendants appealed. The Appellate Division remanded the case for a hearing regarding the issue of juror misconduct. After the hearing the court denied the defendants' motion again.

The Appellate Division addressed the merits of the claim and affirmed the trial court's decision, holding the evidence adduced at trial demonstrated that the defendant practiced medicine without a license *** by administering anesthesia to three patients. The court also found Dr. Corines aided and abetted Santi.

Court Ruling

In order to render a decision, the Court of Appeals reviewed Education Law Section 6512. It states, Anyone not authorized to practice under this title who practices or offers to practice or holds himself out as being able to practice in any profession in which a license is a prerequisite to practice of the acts, or who practices any profession as an exempt person during the time when a professional license is suspended, revoked or annulled, or who aids or abets an unlicensed person to practice a profession ... shall be guilty of a class E felony.

Dr. Corines argued only a person who is not authorized to practice under Education Law can be prosecuted.